THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ADVANCED TESTING TECHNOLOGIES, INC., a New York corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES AIR FORCE <br> Robins AFB <br> 78 ABW/SCGQK <br> 205 Perry Street, Ste 100 <br> FAFB, GA 31098 <br><br> Defendant. | Civil Action No. <br><br> Hon. |

**COMPLAINT FOR INJUNCTIVE RELIEF**

NOW COMES Plaintiff, Advanced Testing Technologies, Inc. ("ATTI"), by and through its attorneys, Bullard & Wangerin, LLP and Sommers Schwartz, P.C., and for its Complaint against Defendant, United States Air Force ("USAF") states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. ATTI is a New York corporation with its principal place of business at 110 Ricefield Lane, Hauppauge, New York 11788-2008, and, thus, is a citizen of the State of New York under 28 U.S.C. §1332(c)(1).

2. The United States Air Force is an agency of the United States and has possession of the documents that Plaintiff seeks.

3. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1

4. The Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper in this judicial district under 5 USC § 552(a)(4)(B).

**GENERAL ALLEGATIONS**

6. On November 12, 2010, Plaintiff sent a FOIA request to the Warner Robins Air Force Base requesting access to certain documents from the Department of the Air Force (the "Government") for the period of January 1, 2010 through the present.[1] A copy of this letter is attached as ***Exhibit A***.

7. On February 13, 2012, the Government made an initial, and incomplete response by partially denying information under 5 U.S.C. § 552(b)(5) and only producing documents from January 1, 2010 to December 10, 2010. The Denial Letter was sent and received on March 1, 2012. Please see attached letter ***Exhibit B***.

8. On April 4, 2012, pursuant to 5 U.S.C. § 552(a)(6)(A) and 32 C.F.R. §§ 286.24 and 806.21 (2011), Plaintiff appealed the partial denial of the FOIA request dated November 12, 2010. A copy of this letter is attached as ***Exhibit C***.

9. On April 4, 2012, Plaintiff also sent a request to renew the original November 12, 2010 FOIA request to cover the period for December 11, 2010 to present. A copy of this letter is attached as ***Exhibit D***.

10. After a period of non-responsiveness, Plaintiff sent a follow-up email on June 20, 2012, regarding the status of the April 4, 2012 renewed FOIA request. Plaintiff received a

---

[1] The FOIA actions described in this Complaint were carried out by Squire Sanders (US) LLP (now Squire Patton Boggs (US) LLP) on behalf of Plaintiff.

response on July 09, 2012 stating that the appeal request was answered and the information was sent on May 25, 2012. Please see attached ***Exhibit E***.

11.     Plaintiff sent an email clarifying the renewed April 4, 2012 FOIA request was to obtain additional documents to cover the period of December 11, 2010 to present. The documents provided on May 25, 2012 were the unredacted copies of the materials originally redacted in the February 13, 2012 partial production (documents from January 1, 2010 to December 10, 2010). Please see attached ***Exhibit F.***

12.     On November 8, 2012, Plaintiff sent a second follow-up email regarding the status of the April 4, 2012 renewed FOIA request. Plaintiff received a response on November 8, 2012 stating that the requested information was covered under the appeal filed and closed out on May 25, 2012. Plaintiff sent a clarifying email in response, again requesting the additional documents to cover the period of December 11, 2010 to present. Please see attached ***Exhibit G***.

13.     On January 10, 2013, Plaintiff sent a letter to Robins AFB clarifying the November 8, 2012 email correspondence, which included, in the alternative, a third FOIA request in the event that Robins AFB disagreed and refused to respond to the April 4, 2012 request.   Please see attached ***Exhibit H***.

14.     On May 15, 2013, Plaintiff was denied access to the requested information on the basis that there was "no documentation found meeting the criteria of [the] request." Please see attached ***Exhibit I.***

15.     On June 12, 2013, pursuant to 5 U.S.C. § 552(a)(6)(A) and 32 C.F.R. §§ 286.24 and 806.21 (2011), Plaintiff appealed the denial of its April 4, 2012 FOIA request. A copy of this letter is attached as ***Exhibit J***.

16. On July 11, 2013, pursuant to 5 U.S.C. § 552(a)(6)(A) and 32 C.F.R. §§ 286.24 and 806.21 (2011), Plaintiff appealed the denial of its third FOIA request on January 10, 2013. A copy of this letter is attached as ***Exhibit K***.

17. In December 2013, Plaintiff received redacted documents produced outside the FOIA process from Ms. Kim McDonald, Chief, Contract Clearance and Program Support Division, Competition Advocate, at Robins AFB. On January 17, 2014, Plaintiff supplemented its pending appeal, evidencing these documents as proof that documents exist response to its FOIA requests. A copy of this letter is attached as ***Exhibit L***.

18. As of the date of this Complaint, Defendant has failed to produce records responsive to Plaintiff's April 4, 2012, or January 10, 2013 FOIA request, or explain why such records are exempt from production. Defendant now indicates to Plaintiff's counsel that the requested records are 'missing.'

19. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted all administrative remedies.

**COUNT I – VIOLATION OF FOIA**

20. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully restated herein.

21. Defendant has violated FOIA by failing to produce records responsive to the renewed requests on April 4, 2012 and January 10, 2013.

22. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant's denial of such access.

**PRAYER FOR RELIEF**

23.     WHEREFORE, ATTI respectfully requests that this Court:

> (1) Order defendant to provide the unredacted versions of the documents previously produced to the plaintiff;
>
> (2) Order defendant to provide access to the requested documents responsive to the renewed January 10, 2013 FOIA request;
>
> (3) Expedite this proceeding as provided for in 28 U.S.C. § 1657;
>
> (4) Award plaintiff costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and
>
> (5) Grant such other and further relief as may deem just and proper.

>> Respectfully submitted,
>>
>> BULLARD & WANGERIN, LLP
>>
>> /s/ Kevin A. Wangerin
>> Daniel Bullard IV
>> Georgia Bar No. 094194
>> Kevin A. Wangerin
>> Georgia Bar No. 736520
>> Erin Smith Corbett
>> Georgia Bar No. 001288
>> BULLARD & WANGERIN, LLP
>> P.O. Box 18107
>> Macon, Georgia 31209
>> (478) 757-8500
>>
>> and
>>
>> SOMMERS SCHWARTZ, P.C.
>> Andrew Kochanowski
>> One Towne Square, Suite 1700
>> Southfield, MI 48076
>> (248) 355-0300
>> akochanowski@sommerspc.com
>>
>> *Attorneys for Plaintiff*

Dated: June 13, 2014.